UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JULY 7, 2008
08CV3854
JUDGE ST. EVE
MAGISTRATE JUDGE ASHMAN
NF

| | |
|---|---|
| **LAURA McCAMMACK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. |
| vs. | ) |
| | ) |
| **COMMUNITY CONSOLIDATED SCHOOL DISTRICT #15,** | )  JURY TRIAL |
| | ) |
| **Defendant.** | ) |

**COMPLAINT**
**AGE DISCRIMINATION IN VIOLATION TO THE ADEA**

NOW COMES the Plaintiff, LAURA McCAMMACK, ("Plaintiff"), by and through her attorney, MICHAEL T. SMITH & ASSOCIATES, and in complaining of the Defendant, COMMUNITY CONSOLIDATED SCHOOL DISTRICT #15, ("Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

2. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, (29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

3. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**PARTIES**

4.　Plaintiff is an adult person and a resident of Cook County, State of Illinois.

5.　Plaintiff was an employee of COMMUNITY CONSOLIDATED SCHOOL DISTRICT in August of 2006.

**STATEMENT OF FACT**

6.　Plaintiff was employed as a teacher for the Defendant.

7.　At all times relevant, Defendant, has been and is a government body of the State of Illinois, and has continuously had and now have at least five hundred (500) employees.

8.　Plaintiff was born on March 24, 1961, and falls within the group protected by the ADEA.

9.　At all times material herein and hereinafter mentioned, Defendant has engaged in and employed its employees in commerce.. The Defendant was, and is, and has been, at all times material herein, engaged in commerce within the meaning of the ADEA.

10.　Defendant Corporation is an employer within the meaning of the ADEA.

11.　Plaintiff was an employee of the Defendant for approximately 1 year covering the period from August of 2006, until the plaintiff was terminated in violation of the ADEA on, to-wit: March 14, 2007 and replaced by a person not within the protected group.

12.　On or about September of 2006 and continuously thereafter, while meeting the minimum standards of her employer, the defendant willfully discriminated against plaintiff because of her age. Plaintiff reached 45 years of age before March 24, 2007.

13.　As a result of Defendant's actions, the Plaintiff has been deprived of her wages and employment benefits.

14.　In addition, the Plaintiff seeks to be reinstated, but if she is not reinstated, she will continue to be deprived of wages and employment benefits in the future. The Plaintiff is

therefore entitled to an award of front pay if reinstatement is not possible.

15. The Defendant's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

## PROCEDURAL FACTS

16. Plaintiff protested her unlawful termination and on August 10, 2007, filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission at Chicago (EEOC), Illinois. A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A" and incorporated herein. Efforts by that agency to obtain voluntary compliance by the Defendant with the Age Discrimination in Employment Act have been unsuccessful thereby causing the EEOC to issue a Notice of Right to Sue letter. A true and correct copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and incorporated herein.

17. This action has been timely filed within ninety (90) days of the receipt of the Notice of Right to Sue

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

    1. Reinstatement or, alternatively, front pay;

    2. Damages, including loss of pay and benefits;

    3. Statutory liquidated damages due to the defendant's willful conduct;

    4. Attorneys' fees and costs incurred in this action

    5. Such other relief as is just and equitable.

    6. The plaintiff requests a jury trial of this action.

Laura McCammack

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626
Attorney Number #6180407IL